IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES GEORGE STAMOS JR.,

        Petitioner,               No. CIV S-12-0664 DAD P

   vs.

WARDEN,

        Respondent.         ORDER

_____/

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

       Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

       Petitioner filed his original habeas petition in this action on March 15, 2012. Therein, petitioner challenges an October 19, 2010 judgement of conviction entered by the Amador County Superior Court. However, this court's own records reveal that on August 31, 2011, petitioner filed a petition for writ of habeas corpus challenging that same judgment

/////

1

of conviction in Case No. CIV S-11-2722 KJM CKD P.[1]  That earlier-filed petition is still pending before the court.

Where a pro se petitioner files a new petition before the district court has adjudicated the petitioner's prior petition, the court should construe the newly filed petition as a motion to amend the pending petition rather than as a "second or successive" petition.  See Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008).  In Woods, a pro se petitioner had filed a habeas petition ("2003 petition"), challenging among other things a decision by the California Board of Prison Terms finding him ineligible for parole.  Id. at 887.  Before the district court issued a ruling on the 2003 petition, petitioner filed another pro se petition ("2004 petition"), challenging, among other things, his reclassification by the Board of Prison Terms as a life prisoner.  Id. at 887-88.  The district court dismissed petitioner's 2004 petition as successive, pointing out that a court may not review a "second or successive" petition unless the petitioner has obtained authorization from the court of appeals.  Id. at 888.  The Ninth Circuit reversed, explaining:

> "A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, ___U.S.___, ___, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal citations omitted); see also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir .2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); United States v. Seesing, 234 F.3d 456, 462 (9th Cir.2001) ("Pro se complaints and motions from prisoners are to be liberally construed.").  If Woods had the benefit of counsel at the time he filed the instant petition, that counsel certainly would have filed the 2004 claims as an amendment to the 2003 petition . . . .
>
> Thus, we hold that the district court should have construed Woods's pro se habeas petition as a motion to amend his pending habeas petition.  The district court then has the discretion to decide whether the motion to amend should be granted.

/////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  Id. at 888-890. See also Ching v. United States, 298 F.3d 174 175 (2d Cir. 2002) (holding that "a habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion"); Grullon v. Ascroft, 374 F.3d 137, 138 (2d Cir. 2004) (extending the holding in Ching to cover successive petitions filed under § 2241).

Applying the Ninth Circuit's holding in Woods to this case, the court will construe petitioner's March 15, 2012 pro se petition as a motion to amend his habeas petition pending in Case No. CIV S-11-2722 KJM CKD P. Of course, district courts have discretion to decide whether a motion to amend should be granted. See 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a); see also Woods, 525 F.3d at 890. Whether petitioner should be allowed to amend his petition in Case No. CIV S-11-2722 KJM CKD P is a question properly left to the assigned judge in that earlier filed case.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted;

2. The Clerk of the Court is directed to refile petitioner's March 15, 2012 pro se petition, together with a copy of this order, in petitioner's earlier filed case, Case No. CIV S-11-2722 KJM CKD P; and

3. This action is closed.

DATED: March 28, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
stam0664.156