IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES GEORGE STAMOS, Jr.

    Petitioner,                  No. CIV S-11-2722 KJM CKD P

    vs.

WARDEN – SVSP

    Respondent.               ORDER

                                /

          Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254.  He attacks a judgment of conviction rendered against him in Amador County Superior Court on October 19, 2010.  This court dismissed his original petition and gave leave to amend, allowing petitioner thirty days in which to file a first amended petition.  See Order (Docket No. 22).  Petitioner complied by filing an amended petition on December 22, 2011.  However, on March 15, 2012, petitioner initiated a separate habeas action by filing a petition attacking the same judgment of conviction.  See Civil Action No. 2:12-cv-0664 DAD.  The magistrate judge assigned to that action ordered that the March 15 petition be re-filed in this case, pursuant to Woods v. Carey, 525 F.3d 886 (9th Cir. 2008).  See Order (Docket No. 32).  In Woods, the Ninth Circuit held that a new pro se habeas petition filed before the final adjudication of a prior petition should be construed as a motion to amend the pending

1   petition. The district court then has discretion to decide whether the motion to amend the
2   petition should be granted. Id. at 890. In this case, then, the court must decide whether to allow
3   petitioner to proceed on his March 15 petition.
4           The court dismissed the original petition on the ground that it did not contain
5   enough factual information to apprise the eventual respondent or the court of the basis of
6   petitioner's claims that his right to appeal his conviction and his right to counsel on appeal were
7   denied. See Order at 1 (Docket No. 22). His first amended petition reasserts those claims.
8   However, his "new" March 15 petition asserts claims that petitioner's right to a speedy trial was
9   violated and that he received ineffective assistance of counsel "at all stages" of his trial, but it
10  makes no mention of rights allegedly violated during his appeal, the sole subject of his original
11  and first amended petition in this case. The differing bases for habeas relief between the first
12  amended petition and the March 15 petition is problematic for petitioner because, if the court
13  accepts the March 15 petition as the operative pleading in this case, it would result in petitioner
14  effectively abandoning the claims of the first amended petition. This is because, as a general
15  rule, an amended complaint or petition supersedes the one that preceded it. See Loux v. Rhay,
16  375 F.2d 55, 57 (9th Cir. 1967). Once a petitioner files an amended petition, its predecessor no
17  longer serves any function in the case. Therefore, in an amended petition, as in an original
18  petition, each habeas claim and the factual bases underlying it must be sufficiently alleged.
19          Petitioner has neither expressed nor implied a desire to abandon the claims of his
20  first amended petition in this case. Therefore, the court will dismiss both the first amended
21  petition and the March 15 petition, with leave to file a second amended petition that includes all
22  of the claims that petitioner wishes to assert against the judgment of conviction he received in
23  Amador County Superior Court on October 19, 2010. That is, if petitioner wants to proceed on
24  the claims contained in the first amended petition of December 22, 2011, and on the claims
25  alleged in the "new" petition of March 15, 2012, he should combine those claims in a single
26  pleading labeled "Second Amended Petition." Petitioner is admonished that if he omits any

claims from the second amended petition, they will be considered abandoned, and he will be unable to proceed on them in this case.

Petitioner has also requested that the Clerk of Court copy certain documents "into" the first amended complaint that was filed December 22, 2011. The request is moot in light of the court's decision to dismiss the first amended complaint.[1] However, the request raises a significant point by which petitioner must abide when he files his second amended petition in compliance with this order: plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended petition complete. The second amended petition must be complete in itself, without reliance on anything petitioner has included in any pleading thus far, including any exhibits he has attached to any of his previous submissions. Petitioner must include any exhibits he wants the court to consider along with his second amended petition, regardless of whether he has already submitted them with other filings already.

Petitioner is also reminded that "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). While petitioner does reference certain constitutional rights in the petitions he has submitted thus far, the facts alleged only give a vague impression of the events that allegedly comprise those constitutional violations. A habeas petitioner need not make his factual allegations in minute detail, but he must give the court a clear understanding of the "who, what, when and how" of his claims. For example, the court must be able to understand with reasonable certainty what petitioner's counsel did or did not do at trial or on appeal that amounted to ineffective assistance of counsel in violation of petitioner's Sixth Amendment right to a fair trial. The petition must describe those events with enough clarity to give the court that reasonable certainty. Failure to meet that standard of specificity and clarity will result in dismissal.

---

[1] The request is also very confusing and would be denied on that basis even if the first amended petition were not dismissed.

Finally, petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. The first amended petition filed December 22, 2011, and the petition filed in this case on March 15, 2012, are dismissed with leave to amend. Petitioner has thirty days in which to file a second amended petition consistent with the instructions and requirements contained in this order.

2. The motion to copy documents into the first amended petition (Docket No. 28) is moot.

3. Petitioner's March 15, 2012 request for appointment of counsel (Docket No. 31) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

Dated: May 21, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
stam2722.ord