UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GEORGE STAMOS, Jr.,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN—SVSP,<br><br>          Respondent. | No. 2:11-cv-2722 TLN CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently serving a seven-year sentence for vehicle theft. On appeal, the California Court of Appeal for the Third District affirmed his conviction. Petitioner's asserted grounds for habeas relief arise from the trial court's denial of his oral motion to dismiss for violation of his right to a speedy trial. Petitioner also asserts ineffective assistance of counsel at trial—for failure to investigate and interview certain witnesses—and on appeal for failure to raise certain issues.

I. Background

During pretrial proceedings on October 15, 2010, petitioner made an oral motion to dismiss the criminal case against him for violation of his "statutory" rights to a speedy trial "under [California's] Proposition 115." (Rep.'s Tr. on Appeal ("R.T.") 8:15-17, Lodged Doc. 4,

1

ECF No. 60.) Petitioner argued to the trial court that under California Penal Code § 1049.5, he "believed that [he] had a right to a speedy trial 60 days from arraignment," and because petitioner had been in custody for 80 days at that point, petitioner argued the criminal case should be dismissed. (R.T. 8:17-19.)

The court explained to petitioner that the 60-day period started "from the date of the entry of the plea of not guilty" at the formal arraignment on the information—which occurred on August, 20, 2010—not from the date of arrest or the informal arraignment the day after. (R.T. 8:20-9:23.) Since petitioner's trial was set to begin within 60 days from the formal arraignment, on October 19, 2010, the court denied petitioner's oral motion because "there's no time concerns . . . from the Court's perspective." (R.T. 9:23-25.) The trial proceeded as scheduled, and petitioner was convicted and sentenced to seven years in state prison. The bulk of petitioner's claims for habeas relief arise from this denial of his speedy trial motion; however, petitioner also claims ineffective assistance of counsel ("IAC") at trial and on direct appeal.

The following facts underlying petitioner's criminal conviction concern his IAC claims and are drawn from the exhibits attached to his petition for writ of habeas corpus. Police stopped petitioner (for rolling through a stop sign) driving a car which had been reported stolen by Joseph Corso. (ECF No. 45, at 1-2.) Petitioner was arrested at which point he told the police officers that he had borrowed the car from Corso's sister-in-law and had forgotten to return it. (Joseph Corso for his part testified that he had not seen his sister-in-law in 11 years.) The police noticed the key in the ignition was a plastic valet key, and Corso told the police that he generally left a plastic valet key in the car's glove compartment. Petitioner was charged with vehicle theft and receiving stolen property, and the jury found him guilty of vehicle theft but acquitted him of receiving stolen property. (Id. at 2.)

On direct appeal to the California Court of Appeal for the Third District, petitioner's appointed counsel filed a Wende brief,[1] and petitioner elected to file a pro se supplemental brief.

---

[1] Under California appellate procedure, if court-appointed counsel finds no meritorious issues to raise on appeal, she can file a so-called "Wende brief"—a reference to People v. Wende, 25 Cal. 3d 436, 441-42 (1979), the case that established the procedure—summarizing the procedural and factual history of the case, and certifying that appointed counsel has reviewed the record,

In his supplemental brief, petitioner asserted his conviction should be reversed because, *inter alia*, the trial court erred by denying his motion to dismiss for violation of his right to a speedy trial, and his court-appointed trial attorney was ineffective in failing "to obtain witnesses or things as evidence to present a defense." (Appellant's Pro Per Supplemental Brief 2:22-28, 4:9-11, Lodged Doc. 6, ECF No. 60.) Regarding his IAC claim, petitioner argued the victim, Joseph Corso, was "coached by D.A. or [other] authorities" into testifying that he left the key in the glovebox, which—petitioner contends—contradicts Corso's earlier testimony to the Sheriff that Corso "left the key" "in the ignition," (id. at 3:9-19); a point that—petitioner asserted—his trial counsel failed to make.

The Court of Appeal considered petitioner's arguments contained in his pro se supplemental brief, rejected them, and affirmed his conviction and sentence. Specifically, the court held that there was no violation of petitioner's right to a speedy trial under California law:

> Defendant was entitled to have an information filed within 15 days of being held to answer and was entitled to be brought to trial within 60 days of his arraignment on the information. Both deadlines were met. The preliminary hearing was held on August 6, 2010, and defendant was held to answer on that same date. The information was filed on August 10, 2010, and defendant was arraigned on the information on August 20, 2010. Trial commenced on October 19, 2010. Accordingly, there was no violation of defendant's speedy trial right.

People v. Stamos, No. C067098, 2011 WL 4526610, at *2 (Cal. Ct. App. Sept. 30, 2011) (unpublished) (citations omitted). Moreover, the court held that petitioner did not meet his burden to establish ineffective assistance of counsel at trial:

> Defendant also claims he received ineffective assistance of counsel in that counsel did not call particular witnesses to testify or present particular evidence. To demonstrate ineffective assistance of counsel, defendant must show counsel's actions were, objectively considered, both deficient under prevailing professional norms and prejudicial. Strickland v. Washington 466 U.S. 668, 687–88 (1984). "'We cannot evaluate alleged deficiencies in counsel's representation solely on defendant's unsubstantiated speculation.'" Defendant mentions a discrepancy in the victim's statements of where he kept the ignition key, in the glove box of the

---

explained her evaluation of the case to the client, and informed the client of his right to file a pro se supplemental brief. See Smith v. Robbins, 528 U.S. 259, 265-66, 276 (2000) (describing the Wende-brief procedure and holding that the procedure comports with constitutional due process).

3

> car or in the ignition. But defendant does not argue how the admission of that evidence would have made any difference in the outcome of the trial. We cannot independently discern any way in which that evidence would have affected the trial. Defendant does not identify any other evidence which should have been admitted, does not identify particular witnesses who should have testified, what their testimony might have been or how that testimony would have made a difference in the trial. To find that unspecified evidence and unidentified witnesses are reasonably likely to have resulted in a more favorable result for defendant would be rank speculation. This we will not do. Defendant has not met his burden to establish ineffective assistance of counsel.

Id. (citations omitted). The court concluded: "Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant." Id. at *3.

II. Standard for Habeas Corpus Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)."[2] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court

---

[2] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 119 (2007).

4

> may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

When a state court rejects a federal claim without addressing the claim, a federal court presumes the claim was adjudicated on the merits, in which case § 2254(d) deference is applicable. Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013). This presumption can be rebutted. Id.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. "Clearly established" federal law is that which has been determined by the Supreme Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law. Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63; cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

/////

/////

III. Arguments and Analysis

In his petition for writ of habeas corpus, petitioner challenges his criminal conviction for vehicle theft on four asserted grounds that, in essence, amount to two claims. Petitioner asserts (1) he was deprived of his Sixth Amendment right to a speedy trial, and (2) IAC—at trial— arising from counsel's alleged failure to collect evidence and call certain witnesses at trial, and— on appeal—arising from counsel's alleged failure to raise certain issues. (Pet. Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") 5-6, ECF No. 45.) The Sixth Amendment guarantees criminal defendants "the right to a speedy and public trial" and the right "to have the Assistance of Counsel." U.S. CONST. amend. VI. In the last reasoned decision, the Court of Appeal of the State of California for the Third District considered the speedy-trial and IAC-at-trial issues, and affirmed petitioner's conviction. Stamos, 2011 WL 4526610, at *2-3. As respondent points out in its answer, petitioner did not present the IAC issues to the California Supreme Court. For the reasons stated below, the undersigned finds that the Court of Appeal's decision was not "contrary to, or involved an unreasonable application of, clearly established federal law," 28 U.S.C. § 2254(d), and that petitioner's IAC claims were not exhausted. Accordingly, the court will recommend the petition be denied.

A. Speedy trial claims

Petitioner asserts his conviction was invalid for, what he contends are, three separate reasons: (1) deprivation of his right to interlocutory appeal the denial of his speedy trial motion under the Fourteenth Amendment, (2) deprivation of his right to a speedy trial under the Sixth Amendment, and (3) a "miscarriage of justice" arising from the trial court's denial of his speedy trial motion. These three avowedly separate claims, in essence, amount to one claim for violation of petitioner's right to a speedy trial.

Here, petitioner was arrested on July 22, 2010, formally charged by an information on August 20, 2010, and tried by jury beginning on October 19, 2010. (R.T. 8-9; Clerk's Tr. on Appeal 26, 36, Lodged Doc. 3, ECF No. 60.) Although the time between petitioner's formal charge and jury trial was exactly sixty days, petitioner contends his trial violated his Sixth Amendment rights because the time between his arrest and trial exceeded sixty days.

6

However, the sixty-day requirement petitioner relies on is imposed by California statute, and is not derived from the U.S. Constitution or federal law, see Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for errors of state law"); the Sixth Amendment's guarantee of a speedy trial is not nearly so stringent. For example, the Ninth Circuit has held that a delay of five months is "insufficient in itself to show violation" of the Sixth Amendment right to a speedy trial. United States v. Nance, 666 F.2d 353, 360-61 (9th Cir. 1982) (citing United States v. Diaz–Alvarado, 587 F.2d 1002, 1005 (9th Cir. 1978)). Further, in United States v. King, "nearly two years elapsed from the original indictment to his trial. Nonetheless, the length of the delay" was held "not excessive," and King's conviction was ultimately affirmed. 483 F.3d 969, 976-77 (9th Cir. 2007). Petitioner does not cite or point to contrary authority in his petition or reply. Therefore, petitioner has not met his burden to show the denial of his pretrial motion to dismiss for violation of his speedy trial right was "contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d)(1).

Moreover, petitioner has not met his burden to show that the trial court's failure to provide interlocutory appeal—to vindicate petitioner's right to a speedy trial—deprived him of a constitutional right. As the Supreme Court observed in Martinez v. Court of Appeal of California, Fourth Appellate District, "[t]he Sixth Amendment does not include any right to appeal." 528 U.S. 152, 160 (2000). Further, "[t]he right of appeal, . . . in criminal cases, is purely a creature of statute . . . ." Abney v. United States, 431 U.S. 651, 656-57 (1977) . Since petitioner cites no federal case law or statute providing a right of interlocutory appeal for speedy trial claims, petitioner's interlocutory-appeal argument does not provide a cognizable basis for federal habeas relief either.

B. IAC claims

Petitioner asserts his conviction was invalid because his court-appointed counsel at trial was ineffective since his attorney "failed to collect evidence [or] call witnesses prior to trial." (Pet. 6.) Petitioner also asserts his court-appointed counsel on appeal was ineffective because the attorney "refused to raise [petitioner's] issues." (Id.) Respondent contends both of these IAC claims are barred as unexhausted because petitioner failed to raise these issues with the highest

7

1  court of the state—the California Supreme Court. (Answer to Pet. for Writ of Habeas Corpus;
2  Mem. P. & A.; Ex. 8:11-13, ECF No. 57.) Petitioner does not address respondent's exhaustion
3  argument in his reply. (See generally Pet'r's Reply, ECF No. 61.)
4  "An application for a writ of habeas corpus . . . shall not be granted unless it appears that
5  . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C.
6  § 2254(b). "Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of
7  the state," Cooper v. Neven, 641 F.3d 322, 326 (9th Cir. 2011), cert. denied, 132 S. Ct. 558
8  (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)), in this case to the California Supreme
9  Court.
10  Here, petitioner does not provide argument or evidence that he presented his IAC claims
11  to the California Supreme Court. Respondent's evidence lodged with the court establishes the
12  contrary—that petitioner did not assert IAC as grounds for habeas relief in any of his various
13  petitions to the California Supreme Court. (See Pets. for Writ of Habeas Corpus to Cal. Supreme
14  Court Nos. S191232, S195239, S1915454, S197502, S205982, Lodged Doc. Nos. 12-16, ECF
15  No. 60.) Because exhaustion of state court remedies is a prerequisite to granting habeas relief, 28
16  U.S.C. § 2254(b)(1), the court cannot grant petitioner relief on his IAC claims.
17  Moreover, even if this court construes petitioner's various filings with the California
18  Supreme Court as having fairly presented the IAC issues he asserts here,[3] both of petitioner's IAC
19  claims lack merit. Regarding petitioner's IAC-at-trial claim, petitioner presented this claim on
20  direct appeal to the California Court of Appeal. As before the Court of Appeal, here, petitioner
21  argues in a conclusory manner his attorney failed to collect evidence and interview witnesses,
22  (Pet'r's Reply 15:16-23, ECF No. 61); however, he does not explain the specific "evidence which
23  should have been admitted, does not identify particular witnesses who should have testified, what

---

[3] Review of the documents lodged by respondent reveals that petitioner attached to his habeas petitions to the California Supreme Court as "supporting materials" his prior petitions to the lower courts, and some of these briefs—that were initially presented in habeas petitions to the Superior Court or Court of Appeal—contained statements which could be construed as raising IAC issues arising from trial and appeal. (See, e.g., Mot. to Admit Docs. Enclosed with this Case as Supporting Docs.; Pet'r's Reply, No. 11-HC-1367, at 2:14-27, Lodged Doc. 13, ECF No. 60.) However, petitioner did not "fairly present" these issues—e.g., by asserting IAC as one of the grounds for habeas relief—in any of his various habeas petitions to the California Supreme Court.

1   their testimony might have been or <u>how that testimony would have made a difference in the trial</u>."
2   <u>Stamos</u>, 2011 WL 4526610, at *2 (emphasis added); <u>see also</u> <u>Walker v. Martel</u>, 709 F.3d 925,
3   941 (9th Cir. 2013) ("With respect to prejudice, a challenger must demonstrate a reasonable
4   probability that, but for counsel's unprofessional errors, the result of the proceeding would have
5   been different." (quoting <u>Harrington v. Richter</u>, 131 S. Ct. 770, 787 (2011))).  Thus, petitioner has
6   not shown that the Court of Appeal's conclusion—that petitioner did not show prejudice from
7   IAC at trial—amounted to an "unreasonable application of[] clearly established federal law." 28
8   U.S.C. § 2254(d)(1).

9         Further, regarding petitioner's IAC-on-appeal claim that appellate counsel "refused to
10  raise [petitioner's] issues," (Pet. 6), there is no "constitutional right [that] compel[s] appointed
11  counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional
12  judgment, decides not to present those points." <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983).
13  "[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous
14  claim, but rather may select from among them in order to maximize the likelihood of success on
15  appeal." <u>Smith v. Robbins</u>, 528 U.S. 259, 288 (2000).  Here, the record shows that petitioner's
16  appellate counsel followed the <u>Wende</u>-brief procedure—approved by the Supreme Court in
17  <u>Robbins</u>, 528 U.S. at 278-79—and upon finding no meritorious issues to raise, explained this
18  finding to his client.  Petitioner was informed of his right to file a pro se supplemental brief
19  raising the issues he wished, he did so, and the Court of Appeal—as discussed above—considered
20  and reasonably rejected each of his asserted claims.  Thus, petitioner has not shown his court-
21  appointed attorney was unconstitutionally ineffective on appeal, and this aspect of the pending
22  petition does not provide a cognizable basis for the granting of federal habeas relief.

23  IV. <u>Conclusion</u>

24        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
25  habeas corpus be DENIED.

26        These findings and recommendations are submitted to the United States District Judge
27  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
28  after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner
3  may address whether a certificate of appealability should issue in the event he files an appeal of
4  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district
5  court must issue or deny a certificate of appealability when it enters a final order adverse to the
6  applicant).  Any reply to the objections shall be served and filed within fourteen days after service
7  of the objections.  The parties are advised that failure to file objections within the specified time
8  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
9  Cir. 1991).

Dated:  August 14, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

GP
Stam.2722.HC